**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GAMETECH INTERNATIONAL, INC.., *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-11964 (PJW) |
| GTI LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>PIERCY BOWLER TAYLOR AND KERN a/k/a, PIERCY, BOWLER, TAYLOR & KERN CERTIFIED PUBLIC ACCOUNTANTS & BUSINESS ADVISORS, a Professional Corporation,<br><br>Defendant. | Adv. Proc. No. 14-______ (PJW) |

**COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS**

The GTI Liquidation Trust (the "Liquidation Trust" or "Plaintiff"), appointed in the case of GameTech International, Inc. (the "Debtor") pending before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court" or the "Court"), by and through his undersigned counsel, hereby files this complaint (the "Complaint"), and in support thereof respectfully alleges as follows:

**NATURE OF ACTION**

1. This adversary proceeding is brought pursuant to and under Federal Rules of Bankruptcy Procedure 7001, *et seq.* (the "Bankruptcy Rules"), among other things to (a) avoid, in accordance with sections 547 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532

(the "Bankruptcy Code"), certain preferential transfers made by one or more of the Debtors to the above captioned defendant (the "Defendant") on account of antecedent debts owed to Defendant, (b) recover, in accordance with section 550 of the Bankruptcy Code, such Transfers (defined below), and (c) disallow any claims Defendant may hold against the Debtor's estate unless and until Defendant returns the Transfers pursuant to section 502(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

3. The Plaintiff is the duly appointed Liquidation Trust of the Debtor.

4. Upon information and belief, Defendant Piercy Bowler Taylor and Kern a/k/a Piercy, Bowler, Taylor & Kern Certified Public Accountants & Business Advisors, a Professional Corporation ("Defendant" or "Piercy Bowler Taylor and Kern") maintains a place of business at 6100 Elton Avenue, Suite 1000, Las Vegas, Nevada, 89107. Defendant Piercy Bowler Taylor and Kern provided the debtor with accounting services and performed year end audits and quarterly reviews. Defendant Piercy Bowler Taylor and Kern received payments or transfers of property from one or more of the Debtors.

## BACKGROUND

5. On July 2, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code §§ 101 *et seq.* (as amended, the "Bankruptcy Code"). Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continued to

operate their business as debtors-in-possession. By order dated July 3, 2012, the Court approved the joint administration of these cases for procedural purposes only [Docket No. 24].

6. On October 10, 2012, the Debtors and Official Committee of Unsecured Creditors filed (a) the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 274] (the "Plan") and *(b) the Disclosure Statement for Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 275].

7. On December 13, 2012, the Court entered the Confirmation Order. No appeal was taken from entry of the Confirmation Order, and the Confirmation Order has become a Final Order.

8. On December 28, 2012 (the "Effective Date"), the Plan became effective and the Liquidation Trust was formed.

9. Pursuant to the Plan and the Confirmation Order, upon the Effective Date of the Plan, all assets remaining in the Debtors' estate, including this cause of action, were transferred to the Plaintiff for administration and liquidation in accordance with the Plan.

**COUNT I**
**(AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 547)**

10. The Plaintiff repeats and realleges the allegations contained in all prior paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

11. Prior to the Petition Date, Defendant Piercy Bowler Taylor and Kern provided the Debtor with accounting services and received payments or transfers of property from one or more of the Debtors.

12. On or within 90 days before the Petition Date (the "Preference Period"), one or more transfers of an interest in property were made by the Debtor by check, wire transfer, or

other means of payment in an aggregate amount not less than $80,000.00 (the "Transfers") to or for the benefit of Defendant. A list of the Transfers is attached as Exhibit 1.

13. Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of section 101 (10)(A) of the Bankruptcy Code.

14. The Transfers were to or for the benefit of a creditor because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

15. The Transfers were made for, or on account of, antecedent debts owed by the Debtor.

16. At the time of the Transfers, the Debtor was insolvent within the meaning of section 101(32) of the Bankruptcy Code.

17. The Transfers enabled Defendant to receive more than it would receive if: (a) the Debtor's case was under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

18. By reasons of the foregoing, the Transfers in the amount of $80,000.00 made by the Debtor to the Defendant are avoidable pursuant to section 547(b) of the Bankruptcy Code.

19. Defendant has not returned the Transfers to the Debtor or Plaintiff.

**COUNT II**
**(RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. § 550)**

20. Plaintiff repeats and realleges the allegations contained in all prior paragraphs in this Complaint and incorporates them by reference as if fully set forth herein.

21. Defendant was the initial transferee of the Transfers, the intermediate or mediate transferee of the initial transferee of the Transfers, or the person for whose benefit the Transfers were made.

22. By reason of the foregoing, the Transfers may be recovered by Plaintiff for the benefit of the Debtor and its estate pursuant to section 550(a)(l) of the Bankruptcy Code, together with pre- and post-judgment interest thereon at the maximum legal rate from the date of the Transfers plus all costs of this proceeding.

**COUNT III**
**(DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d))**

23. Plaintiff repeats and realleges the allegations contained in all prior paragraphs in this Complaint and incorporates them by reference as if fully set forth herein.

24. Defendant is a transferee of the Transfers avoidable under 11 U.S.C. § 547.

25. Defendant is an entity from whom property is recoverable under 11 U.S.C.§ 550.

26. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

27. As a result of the Defendant's receipt of the Transfers as herein alleged above and by virtue of Bankruptcy Code section 502(d), the Court is required to disallow any claims Defendant holds (or may in the future hold) against the Debtor and/or Plaintiff until or unless Defendant has paid Plaintiff the amount Defendant is liable to Plaintiff, including interest and costs, under Bankruptcy Code section 550(a).

**RESERVATION OF RIGHTS**

28. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant which are recoverable. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional

defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. §§ 542, 544, 545, 547, 548 and 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of this Complaint.

29. In addition, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's rights to object to any scheduled claim or any proof of claim filed by Defendant. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any scheduled claim or proof of claim asserted by Defendant. For each objection to a claim, a separate notice will be given and a separate hearing will be scheduled.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor:

A. declaring that the Transfers constitute avoidable transfers pursuant to § 547 of the Bankruptcy Code and awarding Plaintiff at least the sum of the Transfers to be returned pursuant to § 550 of the Bankruptcy Code;

B. disallowing, in accordance with 11 U.S.C. § 502(d), any claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

C. awarding Plaintiff pre- and post-judgment interest on the amount owed by Defendant to the full extent allowed under applicable law at the highest rate;

D. awarding Plaintiff costs associated with the prosecution of this action; and

E. granting such other and further relief as is just and proper.

Dated: June 30, 2014
Wilmington, Delaware

Respectfully submitted,
KLEHR HARRISON HARVEY
BRANZBURG LLP

By: */s/ Sally E. Veghte*

Richard M. Beck (DE Bar No. 3370)
Sally E. Veghte (DE Bar No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

*Counsel for Plaintiff GTI Liquidation Trust*